■ CHRISTOPHER RYANT, Petitioner, v COMMISSIONER OF DEPARTMENT OF CORRECTION OF THE CITY OF NEW YORK et al., Respondent.—Proceeding pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Helen Freedman, J.), entered December 28, 1988, to review a determination of respondent Commissioner of Department of Correction dated June 16, 1988 which terminated petitioner's appointment as a correction officer, is unanimously dismissed and the determination confirmed, without costs.

Upon review of the record, we find that substantial evidence exists to support the agency's findings of petitioner's guilt of the offenses charged (see, Matter of Berenhaus v Ward, 70 NY2d 436), and that the penalty imposed was not so disproportionate to petitioner's offenses as to be shocking to one's sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233). The pertinent findings include petitioner's failure to safeguard his fully loaded service revolver when he left it in a Brooklyn bodega; his moonlighting at that bodega without respondent's knowledge or authorization as required by agency rules and regulations; his falsely stating that the weapon was in his home when initially interviewed about its whereabouts by respondent's Inspector General's office; and his refusal to undergo a urinalysis requested because his appearance and behavior at the interview before the Inspector General's office indicated drug use. Petitioner argues that his appearance and behavior were consistent with lack of sleep, not drug use, and that the penalty, at worst, would have been suspension had he not been found guilty of refusing to obey an order to undergo urinalysis, but this is an argument we must reject since it would require us to substitute our own judgment of the evidence for that of the administrative agency (see, Matter of Purdy v Kreisberg, 47 NY2d 354, 358). Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.